# NO. 12-20-00199-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***ERIC MICHAEL MCELROY,*** **APPELLANT** | *§* | ***APPEAL FROM THE 159TH*** |
| ***V.*** | *§* | ***JUDICIAL DISTRICT COURT*** |
| ***THE STATE OF TEXAS,*** **APPELLEE** | *§* | ***ANGELINA COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Eric Michael McElroy appeals his conviction for aggravated sexual assault of a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated sexual assault of a child younger than fourteen years of age, by intentionally and knowingly causing the penetration of the mouth of the child by the Appellant's sexual organ, a first degree felony.[1] Appellant pleaded "not guilty" and waived a jury trial. Appellant's counsel filed a motion suggesting that he was incompetent to stand trial and requested an examination by an expert. The motion was granted and, after an evaluation by a licensed psychologist, the trial court adjudged, and both parties agreed, that Appellant was competent to stand trial. The trial court conducted an outcry hearing, finding that Candace Salter, an assistant instructional aide at the child's school, was the sole outcry witness.

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(B),(e) (West Supp. 2019).

The case proceeded to a bench trial and Appellant pleaded "not guilty." The witnesses included Salter, who stated that the child informed her that she did not want to go home to her father because he made her "do a favor" if she wanted a piece of candy. The favor was that her father would pull his pants down, make the child get on her knees, insert his "weenie" in her mouth, and tell her to suck on it. Later, the child described what happened, getting down on her knees and putting her thumb in her mouth from an upward angle. She also stated that her father would tell her when he was finished, and that "it has a salty taste like the ocean." At the conclusion of the trial, the trial court found Appellant guilty of aggravated sexual assault of a child as charged in the indictment. At the sentencing hearing, Appellant discussed his previous criminal record, including convictions for theft and harassment, and several dismissed charges, and his previous employment. Consequently, the trial court assessed Appellant's punishment at twenty-five years of imprisonment.[2] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3]

Appellant filed a pro se response, stating that his trial counsel rendered ineffective assistance of counsel by failing to object to improper bolstering of the alleged victim by an expert witness, to object to witnesses giving their opinion concerning the truth of another person's testimony, to prepare and support proper defensive strategy of Appellant's greed, fantasy, and attention-seeking theory, to educate himself on "on or about" language, to ensure

---

[2] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years, and a fine not to exceed $10,000.00. *Id*. § 12.32 (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief.

that Appellant's decisions were based on correct information as to applicable law, to challenge the expertise of the forensic interviewer with the Martin House Children's Advocacy Center, to cross-examine the forensic interviewer. Further, Appellant argues that the evidence was insufficient to support a conviction, stating that the evidence is too weak to support the fact finder's verdict, that the fact finder's verdict is against the great weight and preponderance of the evidence, and that the testimony at trial does not meet the elements of the alleged crime because of inaccuracies in prior interviews.

We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered February 28, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2022**

**NO. 12-20-00199-CR**

**ERIC MICHAEL MCELROY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2019-0259)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*